**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

JUAN CARLOS GIL,

      Plaintiff,

v.

NOPI ENTERPRISES, INC. and
REVENTION, INC.

      Defendants

---

## COMPLAINT

---

      COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Nopi Enterprises, Inc. and Defendant  Revention, Inc. ("Defendants") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

      1.      Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendants' businesses.

      2.      Businesses can make choices (unlike visually impaired individuals) and can either make their business inclusive, or they can make them effective **Zones of Discrimination**.

3.      When business owners offer services that are inaccessible and then do not notice the public that those services are inaccessible, those business owners are not only marginalizing the visually impaired community but are actively excluding those members of the public who are visually impaired from their business.

4.      This case arises out of the fact that Defendant Nopi Enterprises, Inc. and Defendant Revention, Inc. have operated their restaurants and restaurant websites (respectively) in a manner and way that effectively excludes individuals who are visually impaired from access to Defendants' business.

5.      This complaint seeks declaratory and injunctive relief to have Defendants update their policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendants' business so that individuals who are blind or visually impaired can communicate with Defendants effectively and timely such that their access to Pizza Rustica restaurants (places of public accommodation) are not impeded; as such impediment has rendered Pizza Rustica restaurant physical locations not fully accessible to the visually impaired.

**JURISDICTION & VENUE**

6.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendants' business.

7.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendants is conducting business within the jurisdiction of this court by virtue of the

fact its Website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District. Further, several Pizza Rustica restaurants are located in the district.  In addition, Defendant Revention, Inc. is authorized to conduct business within the state of Florida as a foreign for-profit corporation, and Defendant Nopi Enterprises Inc. is authorized to conduct business within the state of Florida as a domestic for-profit corporation.

8.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

9.     Plaintiff Juan Carlos Gil is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA.

10.     Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair.  Plaintiff is substantially limited in the major life activity of seeing.

11.     Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

12.      In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being  the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020);  See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm

events include, but are not limited to, the National Federation for the Blind convention in Orlando[2], the American Counsel for the Blind convention in Nevada, and various focus groups and meetings throughout the east coast (including New York and Boston).

13.     Plaintiff cannot use the computer/internet without the assistance of commercially available screen reader software to interface with the internet and websites located therein.

14.     Plaintiff requires that electronic document information be saved in an accessible format such as HTML or an accessible PDF format.

15.     On information and belief, Defendant Nopi Enterprises Inc. (also referenced collectively as Defendants along with Revention, Inc) is the owner, operator and franchisor of a chain of fast food pizza restaurants under the brand name "Pizza Rustica." Pizza Rustica restaurants offer for sale to the public gourmet pizza and drinks which is heretofore referenced as "goods and services," or "Pizza Rustica food."

16.     Defendant Revention, Inc. (also referenced collectively as Defendants along with Nopi Enterprises Inc.) is the owner and operator of the website https://pizzarustica.hungerrush.com/ which  is directly connected to Pizza Rustica restaurants since the Revention, Inc. https://pizzarustica.hungerrush.com/ website provides a the ability to order food for Pizza Rustica restaurants online.

## FACTS

17.     Defendant Nopi Enterprises Inc. is defined as a "Public Accommodation" within meaning of Title III because Defendant s is a private entity which owns and/or operates (through its franchise arrangements with individual franchisees) Pizza Rustica

---

[2] July 2017

restaurants which are defined as "[A] restaurant, bar, or other establishment serving food or drink," by 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

18.    Each Pizza Rustica restaurant is open to the public and each restaurant is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] restaurant, bar, or other establishment serving food or drink," as defined by 42 U.S.C. §12181(7)(B); §12182, and 28 C.F.R. Part 36. Pizza Rustica restaurants are also referenced throughout as "Place(s) of Public Accommodation," "restaurant(s)," or "Pizza Rustica restaurant(s)."

19.    Defendant Nopi Enterprises Inc. controls, maintains, and/or operates a collection of related web pages, including multimedia content, typically identified with a common domain name, and published on at least one web server; namely the domain located at a website called http://pizza-rustica.com/ which exclusively services Pizza Rustica restaurants.

20.    The http://pizza-rustica.com website is offered by as a way for the public to find out locations of Pizza Rustica restaurants and find out about the menu online and permits the public to obtain information on Pizza Rustica goods and services.

21.    From the http://pizza-rustica.com/ website, the public can click on a link to order Pizza Rustic food, which takes the public to the website owned by Defendant Revention, Inc., which is the https://pizzarustica.hungerrush.com/ website.

22.    The https://pizzarustica.hungerrush.com/ website permits the public to order Pizza Rustica food online from Pizza Rustica restaurants.

23.    For all of the reasons as delineated herein, clearly, both the http://pizza-rustica.com/ and thttps://pizzarustica.hungerrush.com/ websites are an integral part of the

goods and services (Pizza Rustica food) offered by Defendants. By this nexus, the Websites are both characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(B) of the ADA[3].

24.     Within the http://pizza-rustica.com/ website the public can access provided electronic documents on demand. Defendant Nopi Enterprises Inc. offers the public access to its electronic documents online though Portable Document Format, which is commonly referred to as "PDF documents or PDFs."

25.      Blind and/or impaired persons require assistive devices (such as screen reader software) to read/comprehend content when it is provided in Portable Document Format, or "PDF documents."

26.     The PDF documents offered on the http://pizza-rustica.com/ website are not coded for accessible to screen reader software.  Therefore, online demand viewing of PDF documents on the http://pizza-rustica.com/ website is not an option available to persons with vision disabilities.

27.     Plaintiff is a customer who is interested in purchasing Pizza Rustica food such as offered at Pizza Rustica restaurants and online through the http://pizza-rustica.com/ website link to the https://pizzarustica.hungerrush.com/ website.

28.     In March of 2018, Plaintiff called the Pizza Rustica located in Miami Beach[4] to inquire about the types of pizza in order to order a pizza for delivery or for pick

---

[3] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning the Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.
[4] at  (305)-674-8244

up for the purpose of then going to the restaurant location 863 Washington Avenue Miami Beach Florida 33139.  However, the Pizza Rustica restaurant representative failed to fully assist Plaintiff and referred him to the Pizza Rustica websites. Following which, Plaintiff attempted to utilize the websites as instructed by the Pizza Rustica restaurant representative.

29.     Plaintiff utilizes screen reader software, which when utilized allows him (as a blind individual) to communicate with internet websites and the ability to access/comprehend PDF documents.

30.     When Plaintiff tried to interact and engage the Defendants through their respective websites, he encountered websites that were not designed with accessibility (for the disabled) in mind.

31.     Both websites were/are not designed with consideration for Universal design. Universal design is necessary so visually impaired individuals who use screen reader software can access the websites[5].

32.     Furthermore, the websites do not have the sign of website accessibility[6].

33.     Both websites are inaccessible so Plaintiff could not (among other things):

    a.  Find out the pizza menu selections and prices, and
    b.  Order Pizza Rustica food online.

34.     Additionally, Plaintiff has tried and has been unable to access and comprehend the electronic documents located within the http://pizza-rustica.com/

---

[5]  "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design."  Kalbag, Laura (2017), by *Accessibility for Everyone*, (p. 5)



[6]

website. By denying Plaintiff the opportunity to comprehend PDF documents due to Plaintiff's disability (visual impairment), Plaintiff has been denied the opportunity to participate in or benefit from the goods and services to the public (non-disabled persons and persons who are not visually impaired).

35.     Plaintiff's expectation of participating in online shopping for pizza was destroyed since he could not access the two Pizza Rustica websites at all to avail himself of the latest services which Defendants offer to the public.

36.   The fact that Plaintiff could not access the two websites left Plaintiff excluded from accessing Pizza Rustica food available from Defendants and further left him with the feeling of segregation, rejection, isolation, and unable to participate in his own business affairs (such as in this case purchasing pizza) in a manner equal to that afforded to others who are not similarly disabled.

37.     Plaintiff's inability to communicate with/comprehend the Pizza Rustica websites has impeded Plaintiff's access to Pizza Rustica food has resulted in a *virtual barrier* which has created an *effective barrier* to access to Pizza Rustica restaurants and to the goods and services offered by Defendants. Plaintiff's inability to fully use both Pizza Rustica websites has hindered, impeded and inhibited Plaintiff's access to the physical Pizza Rustica restaurant locations.  Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

38.     While the Plaintiff could certainly "roll" over to the Pizza Rustica restaurant  location in Miami Beach Florida, but without access to the Pizza Rustica food, menu and online ordering but due to the websites' lack of accessibility, Plaintiff faces a great deal of uncertainty, anxiety, and foreboding in physically undertaking such an

outing because he lacks basic understanding of the *who, what, where, and how* to physically travel to the Pizza Rustica  restaurant  location in Miami Beach Florida.

39.    Plaintiff continues to desire to patronize Defendants, but is unable to do so, as he is unable to effectively communicate with Defendants in order to obtain access to Pizza Rustica restaurant locations in order to participate in the goods and services offered at Pizza Rustica restaurants. Plaintiff will suffer continuous and ongoing harm from Defendants' omissions, policies, and practices set forth herein unless enjoined by this Court.

40.    On information and belief, Defendants have not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

41.    On information and belief, Defendants have not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of its electronic documents and Website (in general).

42.    On information and belief, Defendants have not offered any form of electronic documents in an accessible format for blind or visually impaired individuals.

43.     On information and belief, Defendants have not created a website page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendants will have their respective Websites (and the PDF documents therein) accessible to the visually impaired community.

44.     Thus, Defendants have not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at Pizza Rustica restaurants.

45.     All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

46.     On information and belief, Defendants are aware of the common access barriers and barriers to effective communication within their websites which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

47.     Defendants and alike restaurants and restaurant ordering services are fully aware of need to provide full access to all visitors to their websites.[7]

48.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

49.     According to the National Federation for the Blind[8], there are over seven million Americans with visual disabilities (which makes up 2.3% of the population), and there are 486,400 individuals with visual disabilities living within the state of Florida[9].

---

[7] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g.
(https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/),
(www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )
[8] See  https://nfb.org/blindness-statistics
[9] 486,400 is the number of non-institutionalized (male and female, all ages and ethnicities) reported to have a visual disability in 2015; see https://nfb.org/blindness-statistics

50.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is his only means to secure adequate redress from Defendants' unlawful and discriminatory practices. No price can be put on Plaintiff's inability to investigate, compare and obtain Pizza Rustica food and order such food online.

51.     Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

52.     Juan Carlos Gil has retained the civil rights law office of Scott R Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

53.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth herein above.

### Requirement for Effective Communication

54.     It is irrefutable that the ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective.

55.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

56.     Section   28   C.F.R.   §36.303(c)   specifically   states   that   public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

57.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

58.     Defendants' respective websites (together with the PDF documents contained therein) have not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

**Business is A Place of Public Accommodation**

59.     By virtue of the fact that Pizza Rustica restaurants are open to the public, each restaurant is a place of public accommodation subject to the requirements of Title III of the ADA; 42 U.S.C. §12181(7)(B).  The ADA prohibits any and all barriers which would limit access by the visually impaired to such places of public accommodation.

60.     The virtual barrier to access is just as real as a physical barrier to access, for without information as to the Pizza Rustica food offered by Defendants and the ability to investigate and choose a pizza restaurant, the visually impaired have no access to Pizza Rustica restaurants as offered to the public.

12

61.    Pursuant to 42 U.S.C. §12181(7)(B) Defendant Nopi Enterprises, Inc. is a *Public Accommodation* under the ADA because it is an owner, operator, and franchisor of Pizza Rustica restaurant and has input into the operations of those restaurants and profits directly from the wholesale sale/supply of merchandise to those Pizza Rustica restaurants.

**Website as A Place of Public Accommodation**

62.    Consistent with the text and legislative history of the ADA, the Department of Justice has long affirmed the application of Title III of the ADA to websites of public accommodations[10]; see Statement of Interest filed by the Department in *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #23].

63.    District courts within the Eleventh Circuit that have considered the question of whether websites are public accommodations have uniformly held that websites are subject to the ADA if a plaintiff can establish a nexus between the website and the physical premises of a public accommodation. See, *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #32] Order Denying Defendants' Motion for Summary Judgment, quoting from *Plaintiff v. Bang & Olufsen Am., Inc.,* No. 16-23801 at 9 (citing *Rendon v. Vallycrest Prods., Inc.* 249 F.3d 1279 (11th Cir. 2002) for the proposition that if a plaintiff establishes some nexus between the website and the physical place of public

---

[10] *See generally* Statement of Interest of the United States, *Nat'l Assoc. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) (No. 3:11-cv-30168), available at www.ada.gov/briefs/netflix_SOI.pdf (discussing the Department's history of public pronouncements on the topic); *see also* Consent Decree, *Nat'l Fed. of the Blind and United States v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13-cv-10799-GAO (entered March 25, 2014), available at www.ada.gov/hrb-cd.htm 0(comprehensive decree governing the accessibility of H&R Block's website); *Settlement Agreement Between United States and Ahold U.S.A. Inc. and Peapod LLC* (11/17/14), available at https://www.ada.gov/peapod_sa.htm (agreement addressing accessibility of online grocery service).

accommodation, the plaintiff's ADA claim can survive a motion to dismiss).

64.     The Courts have held that, when services available on an internet website have a connection to a physical Place of Public Accommodation, that website falls within the ADA's *Place of Public Accommodation* requirement; *Peoples v Discover Financial Services, Inc.*, 2009 WL 3030217, 2 (E.D. Pa. 2009).

65.     The http://pizza-rustica.com/ website is a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(B) as it serves as an integral part of Pizza Rustica restaurants by providing the public information on the various locations of its restaurants, and offers the public the ability to be educated as to the line of Pizza Rustica food sold in Pizza Rustica restaurants; which in turn allows the public to determine if they wish to physically patronize Pizza Rustica physical restaurant locations and to purchase Pizza Rustica food.

66.     The https://pizzarustica.hungerrush.com/ website is a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(B) because this website allows the pubic the ability to order food for pick up or delivery online, therefore the Website is itself a food service establishment.

67.     As delineated above and pursuant to 42 U.S.C. § 12181(7)(B), Defendants (both as owners of websites) are  each a *Public Accommodation* under the ADA because it because they own and/or operate the http://pizza-rustica.com/   and https://pizzarustica.hungerrush.com/   websites which are defined within §12181(7)(B), and are subject to the ADA.

68.     In addition, Pizza Rustica representatives within restaurant locations have referred customers to Defendants' websites for additional information, as the websites

provide information regarding information regarding menu selection and restaurant location, and the https://pizzarustica.hungerrush.com/ website allows the public to purchase food online, such that the websites are both an integral part of the public's needs with respect to Pizza Rustica restaurants.

69.     By Pizza Rustica restaurant representatives referring the public /visually impaired individuals to the Pizza Rustica restaurant websites for basic information on the menu instead of providing such information at the physical Pizza Rustica restaurant location, the websites have been rendered an integral part of Pizza Rustica restaurant physical locations. Thus, the failure of the websites and the PDF documents contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Pizza Rustica restaurant physical locations.

70.     It is clear that the ADA applies to the Defendants' respective websites, as the websites **are each** a *Place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

71.     The ADA's legislative history makes it clear that Congress intended the ADA to adapt to changes in technology, such as the technology afforded through websites, the internet and e-commerce. Congress has stated that "the types of accommodation and services provided to individuals with disabilities . . . ***should keep pace with the rapidly changing technology of the times.***" *Nat'l Ass'n of the Deaf v.*

*Netflix, Inc.,* 869 F. Supp. 2d at 200 (D. Mass. 2012)[11] *Netflix,* (citing H.R. Rep. 101-485(II), at 108 (1990)); *Nat'l Fedn. of the Blind v. Scribd Inc*., 97 F. Supp. 3d, 574 (same) (D. Vt. 2015)[12] (emphasis added). For example, Congress identified "information exchange" (the principal function of a website) as an important area of concern where expanding technology would be subject to the ADA. *Scribd,* 97 F. Supp. 3d at 574 (citing H.R. Rep. 101-485(II), at 108 (1990)).

72.     Recent case law supports that the intangible barriers presented within Defendants' respective websites are violative of the ADA.  In rendering his decision that Winn Dixie Stores, Inc.'s website contained barriers to access which are prohibited by the ADA[13], Judge Scola drew upon the decision in *Rendon v. Valleycrest Prods., Inc.* 294 F.3d 1279, 1284 n.8 (11th Cir. 2002), where the Eleventh Circuit noted that the plain language of Title III of the ADA covers both tangible, physical barriers that prevent a disabled person from accessing a public accommodation, as well as "**intangible barriers**, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the Defendants entity's goods, services and privileges . . . ." 249 F.3d at 1283 **(emphasis added)**.

73.     At the present time and since each respective websites' inception, Defendants has provided inadequate service, and ineffective communications and services. Plaintiff's injuries are real, have occurred, and are continuing. Plaintiff's injuries

---

[11] the plaintiff sued Netflix, Inc., ("Netflix") under Title III of the ADA based on Netflix's failure to provide equal access to its video streaming website "Watch Instantly" for deaf and hearing-impaired individuals. There, the plaintiff alleged the website itself was a place of public accommodation because the website qualifies as a "place of exhibition and entertainment," "place of recreation," "sales or rental establishment," and "service establishment" as enumerated by the ADA. *Id.* at 200.

[12] wherein the plaintiff filed a complaint alleging a violation of the ADA against Scribd, Inc., ("Scribd"), in that it provided a digital library operating reading subscription services on its websites and mobile app which were incompatible with reader software and denied blind persons' access to Scribd's services

[13] *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #63].

will continue to occur until it is absolutely clear that Defendants' wrongful behavior is remedied.

74.     Plaintiff's position is further supported by recent case law which states that organizations which have not fully updated their websites and electronic documents to insure accessibility for the visually impaired are not immune to redress. See, *Lucia Markett v. Five Guys Enterprises LLC* No. 17-cv-788 [DE #33] Order denying defendant's Motion To Dismiss, where the Honorable Judge Katherine B. Forrest rejected the defendant's argument that Five Guys' in-process renovation of its website which will eventually result in its website being accessible to plaintiff and other blind and visually impaired individuals (after the renovation is complete) rendered plaintiff's claim as moot.

75.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

76.     Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

77.     Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

**Barriers to Access**

78.     As a result of the inaccessibility of Defendants' respective websites to be accessible to visually impaired individuals, those visually impaired individuals are denied full and equal access to Pizzas Rustica restaurant physical locations and online food ordering services as Defendants have made available to the public through the information provided on Defendants' Websites, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

79.     Defendants' respective websites are not accessible to users who are visually impaired such that visually impaired are unable to go to the websites and obtain the most perfunctory information such as the Pizzas Rustica food menu and to order food online.

80.     Further, the websites do not offer include the universal symbol for the disabled[14] and the symbol for website accessibility[15] which would permit disabled individuals to access each website's accessibility information and accessibility protocols.

---

[14] , or HTML "Accessibility" link for those individuals who are visually impaired

[15] 

81.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating the basic components to make their websites (and PDF documents contained therein) accessible would neither fundamentally alter the nature of Defendants' business nor would it result in an undue burden to the Defendants.

**PDF Documents**

82.     Defendant Nopi Enterprises Inc.'s  http://pizza-rustica.com/  website contains one or more links to a PDF attachment.   An example of one such link is the Miami New Times review of the Pizza Rustica restaurants at  http://pizza-rustica.com/wp-content/gallery/awards-2/miami-new-times-best-of-1998.jpg.   The PDF attachment's flat surface does not contain accessible coding. The PDF document does not include a text-based format (or equivalent). Defendant Nopi Enterprises Inc. has not added 'alt[16]' tags or long descriptions for the PDF within its website. The PDF attachment has not been provided in HTML or with a text equivalent, and is not a webpage[17], therefore, it is inaccessible to the visually impaired.

83.   In order to meaningfully access PDF documents, blind and visually impaired individuals require that PDF documents be saved in an accessible format. Much of the content provided in PDF format within Defendant Nopi Enterprises Inc.'s  http://pizza-rustica.com/ website is not accessible for persons with screen readers.

84.   Providing PDF documents in a format that can be recognized by screen reader software and therefore making those PDF documents accessible to the visually

---

[16] 'alt' refers to 'alternative text'

[17] (which is an internet document usually in HTML)

impaired would not result in any undue burden to Defendant Nopi Enterprises Inc. would not fundamentally change the nature of Defendant Nopi Enterprises Inc.'s goods and services.

85.   The failure of Defendant Nopi Enterprises Inc.'s PDF documents to be accessible impedes Plaintiff (and other similarly situated visually impaired individuals) from fully accessing the financial services, goods and accommodations provided by Defendant Nopi Enterprises Inc. and in so doing, Defendant Nopi Enterprises Inc. has discriminated against the visually impaired.

**Violations of the ADA**

86.   The Defendants have violated the ADA (and continues to violate the ADA) by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant Nopi Enterprises Inc.'s electronic (PDF) documents and both Defendants' respective websites. These violations are ongoing.

87.   As a result of the inadequate development and administration of Defendants' respective websites, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination.

88.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Juan Carlos Gil injunctive relief; including an order to:

a)  Require Defendants adopt and implement a web accessibility policy to make publically available and directly link from the homepage of both websites to a statement as to the Defendants' policy to ensure persons with disabilities have full

and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through their respective websites.

b) Require Defendants take the necessary steps to make each website readily accessible to and usable by visually impaired users, and during that time period prior to the websites' being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made, and

c) Require Defendants to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Pizza Rustica restaurants (locations) and of the menu selection and to order Pizza Rustica food online. During that time period prior to each respective website being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public through Defendants' respective websites and through Pizza Rustica restaurant locations.

89.     For all of the foregoing, the Plaintiff has no adequate remedy at law.

90.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Nopi Enterprises, Inc. and Defendant Revention, Inc.

## **DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against

Defendant Nopi Enterprises, Inc. and Defendant Revention, Inc. and requests the following injunctive and declaratory relief permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff (and other individuals with visual impairments) equal access to, and benefit from Defendants' services, programs, activities and facilities, as well as:

    a) The Court issue a declaratory judgment that Defendants have violated Plaintiff's rights as guaranteed by the ADA;

    b) The Court enter an Order requiring Defendants to update their respective websites to remove barriers in order that individuals with visual disabilities can access the websites and effectively communicate with the Website to the full extent required by Title III of the ADA;

    c) As to Defendant Nopi Enterprises, Inc. enter an Order requiring Defendant to update all PDF documents made available to the public to remove barriers in order that individuals with visual disabilities can access the PDF documents to effectively communicate with Defendant to the full extent required by Title III of the ADA;

    d) As to Defendant Nopi Enterprises, Inc.  pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), enter an Order for permanent injunction which directs Defendant to take all steps necessary to bring the PDF documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all PDF documents are fully accessible to, and independently usable by, blind and low sighted individuals, and

which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

e) The Court enter an Order requiring Defendants to clearly display the universal disabled logo[18]   and sign of website accessibility[19] (standard WCAG 2.0) within its Website.  Such a clear display is to insure that individuals who are disabled are aware of the availability of the accessible features of the websites;

f) The Court enter an Order compelling Defendants to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendants' policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendants is in compliance with the ADA;

g) The Court enter an order requiring Defendants to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

h) As to Defendant Nopi Enterprises, Inc., enter an Order requiring Defendant retain a qualified consultant acceptable to Plaintiff

---

[18] 

[19]

("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its PDF documents so they are accessible to individuals with visual disabilities;

i)  As to Defendant Nopi Enterprises, Inc. require Defendant engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's PDF documents continue to be accessible to individuals with visual disabilities;

j)  The Court enter an Order directing Defendants to evaluate their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendants to undertake and complete corrective procedures to the websites;

k)  The Court award damages in an amount to be determined at trial;

l)  The Court to award Plaintiff reasonable litigation expenses and attorneys' fees; and

m) That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of April 2018.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*